UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br> v. )<br>  )<br> (1)  BOGGS PAVING, INC.; )<br> (2)  CARL ANDREW BOGGS, III )<br>    a/k/a Drew Boggs; )<br> (6)  STYX CUTHBERTSON TRUCKING )<br>    COMPANY, INC.; and )<br> (7)  JOHN CUTHBERTSON )<br>    a/k/a Styx Cutherbertson )<br> _____ ) | **DOCKET NO.** 3:13-cr-204-MOC |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPTS

NOW COMES the United States of America, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina, who files this, the United States Response in Opposition to Defendants Boggs Paving, Inc.'s ("Boggs Paving's"); Carl Andrew Boggs, III, a/k/a Drew Boggs's ("Drew Boggs's"); Styx Cuthbertson Trucking Company, Inc.'s ("Styx's"); and John Cuthbertson, a/k/a Styx Cutherbertson's ("Cutherbertson's")[1] (collectively the "Joint Defendants'") Motion For Limited Disclosure or *In Camera* Review of Grand Jury Transcripts (ECF No. 102) (hereinafter "Motion for Grand Jury Transcripts" or "ECF No. 102"). In support of its opposition to the Joint Defendants' Motion for Grand Jury Transcripts, the United States respectfully shows the following:

---

[1] Defendant Greg Miller was also a party to the Motion to Dismiss when filed, but has since signed a plea agreement, acceptance of which would waive the relief sought in Motion.

1

## I. Introduction

Speculating that the Government improperly instructed the grand jury on "at least one [of the] legally defective theor[ies] of property" conjured in their Motion to Dismiss the Superseding [Bill of] Indictment ("SBI") for Failure to State Offenses (hereinafter "Motion to Dismiss" or "ECF No. 101") , the Joint Defendants repeat in their Motion for Grand Jury Transcripts their argument that they are entitled (1) to the unanimous vote of at least 12 grand jurors on each theory of prosecution if there is more than one possible means of committing a charged offense and (2) to review transcripts of the grand jury's secret proceedings to determine whether or not the grand jury might have relied on an impermissible theory of prosecution. (ECF No. 101 at 31-33; ECF No. 102 at 2-3.) In their Motion for Grand Jury Transcripts, the Joint Defendants further seek (1) any legal instructions to the grand jury; (2) statements of the prosecutors to the grand jury; and (3) witness testimony concerning the "government's defective theory" that they defraud other DBEs and general contractors." (ECF No. 102 at 1.) Since the main premise of the Joint Defendants' argument for their "particularized need" to review the grand jury's transcripts was fully addressed in the Government's Response in Opposition to the Motion Dismiss, the Government incorporates by reference herein its response to the Joint Motion to Dismiss.

In addition to the reasons cited in the Government's Response to the Motion to Dismiss, the Joint Motion for Grand Jury Transcripts should be denied for the following reasons: First, it is well established that where, as here, a motion to dismiss is without merit and an indictment is found to be facially valid, a motion for production of the grand jury transcripts associated with the presentment of the indictment can and should, likewise, be denied. Second, the Joint Defendants' Motion for Grand Jury Transcripts should be rejected because their arguments as to

why they are entitled to the instructions to the grand jury, as well as prosecutors' statements and witness testimony, is premised upon a fatally flawed understanding of the charges in the SBI and the applicable law. And, as such, the Joint Defendants have not and cannot meet their burden of establishing "a strong showing of [a] particularized need" for the grand jury's transcripts. Lastly, even if they could establish a "particularized need," which they cannot, the Joint Defendants have not and cannot establish that any purported particularized need outweighs the public interest in secrecy. For each of these reasons, the Joint Defendants' Motion for Grand Jury Transcripts should be denied.

## II.     Procedural and Factual Background

On July 24, 2013, a grand jury sitting in the Charlotte Division of the Western District of North Carolina charged the Joint Defendants and three other co-defendants—Kevin Hicks (3), Greg Miller (4), and Greg Tucker (5)— in a twenty-two page bill of indictment (the "Indictment" or "ECF No. 1"). The 29 count Indictment essentially alleged four offenses in violation of federal laws: (1) conspiracy to defraud the United States and to violate the laws of the United States in violation of 18 U.S.C. § 371; (2) using interstate wire transmissions to defraud USDOT, SCDOT and NCDOT in violation of 18 U.S.C. § 1343; (3) using the mails to defraud USDOT and SCDOT; and (4) money laundering conspiracy and money laundering concealment in violation of 18 U.S.C. §§ 1956(h) and 1956 (a)(1)(B)(i). (ECF No. 1.)

On October 16, 2013, the grand jury returned the SBI which included the same 29 charges as the Indictment, but added Defendant Arnold Mann (8). (ECF No. 67.) The SBI also included Count 30 charging only defendants Styx (6) and John Cuthbertson (7) with making false statements on a loan application in violation of 18 U.S.C. § 1014. (*Id*.)

3

## III. Joint Defendants Bear the Heavy Burden of Satisfying the Stringent Legal Standards for Disclosing Secret Grand Jury Proceedings

"[T]he standard practice since approximately the 17th century has been to conduct grand jury proceedings in secret." *Giles v. California*, 554 U.S. 353, 371 (2008). "Federal Rule of Criminal Procedure 6(e) recognizes this tradition of secrecy, and seeks to preserve it, 'creating a general rule of confidentiality for all matters occurring before the grand jury.'" *See United States v. Chalker*, 2013 WL 4547754,*4 (E.D. Pa. 2013) (quoting *United States v. Smith*, 123 F.3d 140, 148 (3d Cir. 1997)). Rule 6(e)(3)(E) sets for limited exceptions to the Grand Jury secrecy rule, including "preliminarily to or in connection with a judicial proceeding," (FED.R.CRIM.P. 6(e)(3)(E)(i)), and "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury," (FED.R.CRIM.P. 6(e)(3)(E)(ii)).

An applicant for disclosure under Rule 6(e)(3)(E)(i), including a motion to disclose production of grand jury instructions, must make "a strong showing of particularized need for grand jury material before any disclosure will be permitted." *See United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983); *United States v. Welch*, 201 F.R.D. 521, 524 (D. Utah 2001) (citing *United States v. Barry*, 71 F.3d 1269, 1274 (7th Cir. 1996)). That is, "[p]arties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *See Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979). In reaching this determination, the court is to "balance the petitioner's needs for release against the traditional public interest reasons for grand jury secrecy and 'only in those cases where the need for [disclosure] outweighs the public interest in secrecy' will the requirement of 'particularized

4

need' for release be found to exist." *In re Grand Jury Proceedings GJ-76-4 & GJ-75-3*, 800 F.2d 1293, 1298 (4th Cir. 1986), *quoting Sells Eng'g*, 463 U.S. at 443. "The burden of demonstrating that weight favors the moving party rests on that party." *Id*. Further, "[w]hether the balance in [the movant's favor] has been demonstrated by the party seeking disclosure is a question committed for discretion of the trial judge, whose decision is to be reversed only for clear error." *Id.*

Moreover, at least two District Courts in the Fourth Circuit have found that "[w]here a defendant seeks disclosure of testimony before the grand jury that indicted him, he must rely on the second exception in Rule 6(e)(3)(E)." *See United States v. Harris*, 2007 WL 1724298, * (N.D. W.Va. 2007) (citing *United States v. Loc Tien Nguyen*, 314 F.Supp.2d 612, 615-16 (E.D. Va. 2004)). That is, while Defendants' "criminal trial is certainly a 'judicial proceeding,' it is settled that the first exception applies only to situations where the judicial proceeding for which disclosure of grand jury material is sought is a judicial proceeding different from the criminal trial authorized by the grand jury's indictment." *See Loc Tien Nguyen*, 314 F.Supp.2d at 615. The court reasoned that "[t]his is clear because application of the first exception in circumstances like those at bar would render the second exception superfluous, as the first exception would always encompass the second." *See id*. at 615-16.

As the court went on to note in *Loc Tien Nguyen*, "[b]y its plain terms, the second exception is intended to allow disclosure of grand jury matters only where a defendant 'shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.' This provision is not an invitation to engage in a fishing expedition to search for grand jury wrongdoing and abuse when there are no grounds to believe that any wrongdoing or abuse has occurred." *See id*. at 616 (internal citation omitted). That is, "[b]ecause grand jury

5

proceedings are entitled to a strong presumption of regularity, a defendant seeking disclosure of grand jury information under Rule 6(e)(3)(E)(ii) bears the heavy burden of establishing that 'particularized and factually based grounds exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the indictment.'" *See id*. (quoting *United States v. Abcasis*, 785 F.Supp. 113, 119 (E.D.N.Y. 1992)). The court further noted that this burden cannot "be satisfied with 'conclusory or speculative allegations of misconduct.'" *See id*. (quoting *United States v. Morgan,* 845 F.Supp. 934, 941 (D.Conn. 1994)). Quite the contrary, "some courts have held that a defendant must support allegations of grand jury misconduct or abuse 'with affidavits or other proffered evidence' and that '[s]uch affidavits or other evidence should be of a particularity sufficient to support a finding that 'inherently suspect' procedures were used before the grand jury.'" *See id*. (quoting *United States v. Shane*, 584 F.Supp. 364, 367 (E.D. Pa. 1984)). In short, "[d]ue to the heavy burden facing defendant, grand jury testimony 'will be denied in all but extraordinary circumstances.'" *See Harris*, 2007 WL 1724298 (quoting *United States v. Morgan*, 845 F.Supp. 934, 941 (D.Conn. 1994)).

Furthermore, "'[a]n indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits.'" *See Welch*, 201 F.R.D. at 524-25 (quoting *United States v. Buchanan*, 787 F.2d 477, 487 (10th Cir. 1086)). That is, "[c]hallenges going only to the instructions given to the grand jury as to the elements of the offenses are not grounds for dismissal of an indictment that is valid on its face." *See id*. As the Ninth Circuit held:

> [T]he Supreme Court has stated, "(a)n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on its merits." *Costello v. United States*, 350 U.S. 359, 363 (1956); *see United States v. Kennedy*, 564 F.2d 1329, 1338 (9th Cir. 1977). That indictment is normally prepared

6

> by the prosecutor, who is presumably acquainted with the "applicable law." *See United States v. Chanen*, 549 F.2d 1306, 1312 (9th Cir. 1977). We are not persuaded that the Constitution imposes the additional requirement that grand jurors receive legal instructions.
>
> Furthermore, the giving of such instructions portends protracted review of their adequacy and correctness by the trial court during motions to dismiss, not to mention later appellate review. This is not an auspicious case from which to launch courts on the journey through such a toilsome mire, and we decline to do so. It was not error for the District Court to deny Kenny's motion.

*United States v. Kenny*, 645 F.2d 1323, 1347 (9th Cir. 1981).

## IV. Joint Defendants Fail to Meet the Stringent Standards for Disclosure of Grand Jury Transcripts

As noted above, the Joint Defendants' Motion for Grand Jury Transcripts is premised upon their Motion to Dismiss, which is based on a selective and flawed reading of the SBI. (ECF No. 101.) Namely, the Joint Defendants argue that they are purportedly entitled to legal instructions given by the prosecutor to the grand jury because they "suspect" the grand jurors were NOT instructed that at least 12 of them had to agree on the same theory or theories of prosecution in order to return an indictment. ECF No. 102 at 3. First, the Joint Defendants' speculation that there is more than one theory of prosecution is without basis for all of the reasons cited in the Government's Response to the Motion to Dismiss. Second, numerous courts have rejected motions for disclosure of instructions provided to the grand jury in situations such as this.

For example, in *United States v. Dimasi*, 2011 WL 468213 (D.Mass. 2011), the court denied defendant's motions to dismiss and for legal instructions provided to the grand jury "[b]ecause the Amended Superseding Indictment [was] facially adequate and demonstrates that the grand jury found probable cause…[thus] any lack of instructions or mistakes in instructions

7

to the grand jury would not be sufficiently prejudicial to justify relief." *See Dimasi*, 2011 WL at *3.  Likewise, in *Welch*, the Defendant moved to dismiss the indictment, alleging that the indictment failed to "adequately set[] forth the elements of mail fraud and wire fraud as well as the alleged violations of the Travel Act." *See Welch* 201 F.R.D. at 523.  Finding that the court's previous denial of the motion to dismiss, "undercuts defendants' contention as to any deficiency on the face of the indictment" the court rejected his motion for disclosure of instructions to the grand jury, finding his motion "speculative, general" and that it did "not show particularized need." *See id*. at 524-25.  The District Court for the District of Columbia reached a similar result in *United States v. Trie*, 23 F.Supp.2d 55 (D.D.C. 1998).  There, noting that "[a] great deal more than mere speculation that a grand jury has been improperly instructed is required to satisfy" the standard of for dismissal of indictment, the court rejected Defendant's motion for disclosure of instructions to the grand jury, finding that "[s]ince the indictment is facially valid and [defendant's] claim … does not justify dismissal of the indictment, [defendant] has not established any particularized need for the grand jury instructions." *See Trie*, 23 F.Supp.2d at 61-62.

In the instant case, the Joint Defendants' request not only any instructions to the grand jury, but also prosecutors' statements and witness testimony before the grand jury based on their parsed and selective reading of the SBI in which they use a single phrase of an introductory paragraph out of context in order conjure multiple "theories of prosecution" that simply do not exist.  The Joint Defendants "multiple theories of prosecution" are nothing than "conclusory or speculative allegations" conjured to justify a "fishing expedition" through the grand jury's proceeding.  As such, the Joint Defendants' Motion for Grand Jury Transcripts should be denied.

The Joint Defendants also attempt to justify their fishing expedition into the grand jury's secret proceedings with the argument that at least 12 grand jurors must agree to vote on the same legal theory of prosecution and if, *inter alia*, one of several possible theories on which the grand jury is instructed is infirm, the indictment must be set aside. (ECF No. 101 at 31; ECF No. 102 at 2-3.)  Like their other claims, the Joint Defendants cite no Fourth Circuit authority for this novel proposition.  Instead they attempt to bootstrap inapposite cases involving faulty instruction to petit juries, while barely acknowledging that Rule 6(f), Federal Rules of Criminal Procedure, requires that 12 jurors concur in an indictment.

Indeed, even *petit* juries must be unanimous only as to the elements of a crime, not the means used to commit a charged crime.  *Schad v. Arizona*, 501 U.S. 624 (1991).  Assuming *arguendo* that the Government fails to provide proof of economic harm to the USDOT, SCDOT or NCDOT at trial, the Joint Defendants may move to dismiss one or more counts pursuant to Rule 29, Federal Rule of Criminal Procedure.  They will also have the right to challenge the Court's instructions should they include one or more of the legal theories discussed in their Motion to Dismiss.

Lastly, even if the Joint Defendants could meet their burden of showing a "particularized need" (which they have not and cannot), they would still need to establish that his "particularized need" for disclosure "is greater than the need for continued secrecy," and that this "request is structured to cover only material so needed." *See Douglas Oil*, 441 U.S. at 222.  The Joint Defendants claim they have met this burden by showing a *prima facie* case that grounds may exist to dismiss the SBI.  (ECF No. 102 at 5.)  However, their reasons for dismissing the SBI are answered by the SBI itself as fully explained in the Government Response to the Motion to Dismiss.  The Joint Defendants allege no reason to believe that the grand jury proceedings in this

9

case were tainted by misconduct in any way. Since there are no allegations—let alone non-speculative grounds—upon which to dismiss the SBI due to matters that occurred before the grand jury there is no reason for the court to order disclosure of the transcript of grand jury proceedings in this case. Fed.R.Crim.P. 6(e)(3)(E)(ii). Thus, the Joint Defendants' Motion for Grand Jury Transcripts should be denied because they have not and cannot show that their need for the transcripts outweighs the need to protect the grand jury's secrecy.

## V.  Conclusion

For the aforementioned reasons, Joint Defendants' Motion for Grand Jury Transcripts should be denied.


RESPECTFULLY SUBMITTED this, the 4th day of August, 2014.

ANNE M. TOMPKINS, UNITED STATES ATTORNEY

Michael E. Savage
Assistant United States Attorney
North Carolina Bar Number 33159
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28211
704/338-3166 (Direct Line)
704/227-0197 (Fax)
mike.savage2@usdoj.gov

Jenny Grus Sugar
Assistant United States Attorney
227 W. Trade Street, Suite 1650
Charlotte, NC 28202
704-344-6222
704-344-6629 (fax)
jenny.sugar@usdoj.gov

10

# CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of August, 2014, this document was Motion was duly served upon the defendants herein by electronic notification using ECF to defendants' attorneys of record

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

//s// *Michael E. Savage*
Michael E. Savage
Assistant U.S. Attorney